Entered on Docket
January 16, 2012
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: January 12, 2012

EDWARD D. JELLEN
U.S. Bankruptcy Judge

FILED
JAN 2 0 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | No. 10-41422 EDJ |
| PETER CARSON CLARK, | Chapter 7 |
|          Debtor.   / | |
| TEVIS T. THOMPSON. JR., Trustee | Adv. No. 11-04190 AJ |
|          Plaintiff, | |
| vs. | |
| DAVIS FINE ARTS, ET AL., | |
|          Defendants. / | |

BANKRUPTCY JUDGE'S RECOMMENDATION TO DISTRICT COURT

Pursuant to the Order Referring Motion for Withdrawal of Reference to Bankruptcy Judge for Recommendation, filed January 5, 2012 in District Court Case no. 11-06256-CW, I recommend that the district court deny the pending motion by the defendants in the above-captioned adversary proceeding for withdrawal of the reference, whereupon I would abstain pursuant to 28 U.S.C. § 1334(c)

Memorandum

(discretionary abstention) from hearing the third and fourth claims for relief of the complaint at issue herein, and possibly the second claim for relief as well.

This approach should not prejudice any party, and will avoid the need for any court to opine on the Constitutional issue raised by the defendants in their motion, which remains an open question upon which definitive appellate guidance is lacking, and which need not be addressed for the reasons stated below.

A. Procedural Background

The above debtor, Peter Clark, filed a chapter 13 petition on February 10, 2010. Subsequently, the bankruptcy court converted the case to chapter 7. Plaintiff Tevis T. Thompson, Jr. ("Thompson") is the trustee in bankruptcy.

The above captioned adversary proceeding contains four claims for relief: (a) First claim: Thompson's objection to the group proof of claim filed jointly by the defendants, (b) Second claim: Thompson's request for a money judgment against defendant La Posada pursuant to Cal. Corp. Code § 16701, which Thompson contends obligates La Posada to purchase the estate's interest in La Posada; (c) Third claim: for dissolution of two partnerships in which the estate holds a partnership interest; and (d) Fourth claim: for dissolution of another partnership in which the estate holds a partnership interest.

Defendants have filed a motion for the district court to withdraw the reference of this adversary proceeding, or alternatively, for discretionary abstention pursuant to 28 U.S.C.

§ 1334(c). Thompson opposes the motion.

On January 5, 2012, the district court requested this court to provide its recommendation as to defendants' motion.

B. Discussion

As to Thompson's first claim for relief (claim objection), it does not appear from defendant's moving papers that they have raised any issue as to a bankruptcy court's Constitutional and statutory authority to allow and disallow claims against the estate. Indeed, the Supreme Court has referred to the allowance and disallowance of claims as an "expressly granted power" of the bankruptcy court[1]. Katchen v. Landy, 382 U.S. 323, 329 (1966). It follows that, at least on the record to date, there is no reason for the district court to withdraw the reference of Thompson's first claim for relief.

The defendants have not specifically objected to the bankruptcy court hearing the second claim for relief. Even so, to the extent Thompson seeks a money judgment on substantive grounds governed by California state law, the defendants may have a Seventh Amendment right to a trial by jury. If so, abstention by the bankruptcy court would be appropriate as to this claim, because bankruptcy judges may not conduct jury trials absent consent of the parties. 28 U.S.C. § 157(e). Moreover, this may not even be a core claim, in which case the bankruptcy court could not enter any binding findings

---

[1] Note that Katchen addressed the power of a bankruptcy referee acting under the Bankruptcy Acts of 1898 and 1938, analogous to a contemporary bankruptcy court.

absent consent of all the parties. 28 U.S.C. § 157(c)(2).

For the foregoing reasons, abstention may be appropriate as to the second claim for relief. But even if it is, it does not follow that the reference needs to be withdrawn; a bankruptcy court may abstain on its own authority.

Defendants' motion focuses on Thompson's third and fourth claims for relief, by which Thompson seeks to dissolve various partnerships in which the estate holds an interest. These are matters governed by California law. Defendants contend that the bankruptcy court may not Constitutionally hear the claims under the Supreme Court's recent ruling in Stern v. Marshall, a proposition that Thompson disputes. See Stern v. Marshall, 564 U.S. __, 131 S.Ct. 2594 (2011) (holding that the bankruptcy court lacked Constitutional authority to enter a final judgment on debtor's state law counter-claim).

It is not necessary for the court to reach the Stern issue. Under existing and well established Ninth Circuit law, bankruptcy courts are to construe matters as non-core when the core or non-core nature of a proceeding is a close call and raises a constitutional issue. See In re Castlerock Properties, 781 F.2d 159, 162 (9th Cir. 1986) ("[A] court should avoid characterizing a proceeding as 'core' if to do so would raise constitutional problems."). That is the case here.

In my view, under Castlerock, a proceeding to dissolve a partnership in which the estate has an interest is not necessarily a core proceeding under 28 U.S.C. § 157(b)(2). "The apparent broad

Memorandum 4

reading that can be given to § 157(b)(2) should be tempered...." Castlerock at 162. If Thompson's third and fourth claims for relief are not core proceedings, then the bankruptcy court may not enter binding findings absent consent of all the parties, lacking here. 28 U.S.C. § 157(c)(2).

Even if the claims are core, this is still an appropriate case for discretionary abstention under the factors discussed by the Ninth Circuit in In re Tucson Estates, Inc., 912 F.2d 1162, 1167 (9th Cir. 1990)[2]. The dissolution of the partnerships is governed by California law. Dissolving them in a California court will not

---

[2] In Tucson Estates, the Ninth Circuit adopted a list of factors that a bankruptcy court should consider when deciding whether to abstain, as propounded by the Texas bankruptcy court in In re Republic Reader's Serv., Inc., 81 B.R. 422 (Bankr. S.D. Tex. 1987). Those factors are: (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties. In re Republic Reader at 429.

1 | interfere with the administration of the debtor's estate.  The
2 | rights of nondebtor parties may be impacted.  There is no basis for
3 | bankruptcy court jurisdiction other than 28 U.S.C. § 1334.
4 | C.  <u>Conclusion</u>
5 |      For the foregoing reasons, I recommend that the district court
6 | not withdraw the reference.
7 |                    *** END OF RECOMMENDATION ***

COURT SERVICE LIST

Dennis D. Davis
Goldberg, Stinnett, Davis and Linchey
44 Montgomery St. #850
San Francisco, CA 94104

Elizabeth Berke-Dreyfuss
Wendel, Rosen, Black and Dean
1111 Broadway 24th Fl.
P.O. Box 2047
Oakland, CA 94604-2047

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

Memorandum                               7